UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOSHUA REBEL HAYS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:09-CV-124-TLS |
| | ) |
| ELKHART COUNTY SHERIFF'S | ) |
| DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Joshua Rebel Hays, a *pro se* prisoner, filed a Complaint [DE 1] pursuant to 42 U.S.C. § 1983. He names three Defendants and presents three distinct, unrelated claims. He alleges that he was illegally arrested and searched by the Elkhart County Sheriff's Department. Then, he alleges that the Elkhart County Prosecutor's Office later maliciously and repeatedly charged him with offenses unrelated to that arrest; and denied him a court appearance, the right to represent himself, the right to hear the evidence against him, the right to a speedy trial, and the right to post bond. Finally, he claims that the Elkhart County Clerk of Court breached a contract. These allegations involve different Defendants taking independent actions on different dates. The Seventh Circuit has stated that such claims should not be filed and heard together:

> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner. George did not make any effort to show that the 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is "common to all defendants".

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Seventh Circuit also noted:

> The district court did not question George's decision to join 24 defendants, and approximately 50 distinct claims, in a single suit. It should have done so. The

controlling principle appears in Fed. R. Civ. P. 18(a)[1]: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

*Id.*

This case is similar to *George* in that the Plaintiff is improperly attempting to bring unrelated claims in a single case. As instructed by *George*, the Court must question this tactic and reject it. Therefore, the original Complaint will be stricken, but leave will be granted to file an amended complaint incorporating only related claims. Here, the claims against each of the three Defendants are distinct and belong in three separate cases. The Plaintiff must decide which of these three claims he wants to pursue in this case. Then he can decide whether he wants to file two more lawsuits—one for each of the other Defendants. The Plaintiff may bring only properly related claims in this case. Other claims, unrelated to the claim or claims in this case, may be brought in one or more separate cases if the Plaintiff decides to file other cases.

In addition, the Plaintiff has also filed a Motion to Amend [DE 6], seeking leave to amend his Complaint to add a fourth defendant and a fourth cause of action, but he did not attach an amended complaint. Pursuant to this Order, the Plaintiff is being granted time to file an

---

[1] *George* quotes the pre-2007 amendment version of Rule 18, but that amendment was only stylistic and has no substantive legal impact on the analysis here.

amended complaint and he may include any related claims in that amended complaint when he files it. Therefore, the Motion to Amend [DE 6] will be denied as moot with leave to file an amended complaint pursuant to this Order.

Finally, the Plaintiff asks that the Court set a date for an initial hearing and trial [DE 7]. This Motion is unnecessary. The Plaintiff has not yet filed a complaint which states a claim for which relief can be granted. The Defendants have not been served or appeared, nor have they filed an answer. Furthermore, if necessary and when appropriate, the Court will set hearings or a trial. Therefore, the Motion will be denied.

For the foregoing reasons, the Court:

(1) STRIKES the Complaint [DE 1];

(2) DIRECTS the Clerk of this Court to send Joshua Rebel Hays three Prisoner Complaint packets: two blank, and one with this cause number written on it;

(3) GRANTS Joshua Rebel Hays to and including June 30, 2009, to file in this case one amended complaint containing only related claims;

(4) DENIES AS MOOT the Motion to Amend [DE 6] with leave to file an amended complaint with related claims as provided in this order;

(5) DENIES the Motion to Set a Hearing/Trial date [DE 7]; and

(6) CAUTIONS Joshua Rebel Hays that if he does not respond by that deadline, this case may be dismissed without prejudice and without further notice.

SO ORDERED on May 26, 2009.

    s/ Theresa L. Springmann
    THERESA L. SPRINGMANN
    UNITED STATES DISTRICT COURT
    FORT WAYNE DIVISION