UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOSHUA REBEL HAYS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ELKHART COUNTY SHERIFF'S ) <br> DEPARTMENT, *et al.*, ) <br> ) <br> Defendants. ) | CAUSE NO. 3:09-CV-124 TLS |

**OPINION AND ORDER**

Joshua Rebel Hays, a prisoner proceeding *pro se*, filed an Amended Complaint [DE 10] under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court recently discussed that standard in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 129 S. Ct. at 1949 (quotation marks and citations omitted). At the same time, the Court gives a liberal construction to *pro se* pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Hays alleges that on September 1, 2006, the four Defendant police officers arrested and searched him without probable cause.

This cause of action for false arrest accrued on September 1, 2006, when the alleged events occurred. Wallace v. Kato, 549 U.S. 384 (2007) (adding that a false arrest claim would not undermine a conviction so it is not barred by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)). Actions under 42 U.S.C. § 1983 in Indiana have a two-year statute of limitations. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Therefore, the last day to file these claims was September 2, 2008.[1] The original Complaint [DE 1] in this case was filed with an *In Forma Pauperis* Petition [DE 2] that was signed on March 16, 2009, making the claims for false arrest untimely. As a result, they must be dismissed.

Hays also alleges that Sgt. Stutsman falsely testified against him. Hays does not explain when or where Sgt. Stutsman presented this testimony. However, without regard to the nature of the testimony or its consequences, the testimony of a witness is protected by absolute witness immunity. *See Briscoe v. LaHue*, 460 U.S. 325 (1983); *House v. Belford*, 956 F.2d 711, 720–21 (7th Cir. 1992). Therefore, this claim must also be dismissed.

---

[1] *See* Fed. R. Civ. P. 6(a)(4)(A) (providing that if the last day of a filing period falls on a legal holiday, such as Labor Day in this case, the last day becomes the next day).

Finally, Hays makes several statements in his Amended Complaint about other arrests and his bond status. He alleges that these are injuries caused by the original illegal arrest and search. Because the underlying illegal arrest and search claims have been dismissed, any question of damages as alleged in this last set of claims is moot.

For the foregoing reasons, this case is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A.

SO ORDERED on July 1, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT